IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| E.H., mother and next friend of ) <br> P.H., a minor ) <br> ) <br> ) <br> Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> NANCY BUCKNER, in her personal ) <br> and individual capacity and ) <br> in her official capacity ) <br> as Commissioner of the Alabama ) <br> Department of Human Resources; ) <br> and, ) <br> ) <br> KIM MASHEGO, in her personal ) <br> and individual capacity and ) <br> in her official capacity ) <br> as Director of the Shelby ) <br> Department of Human Resources; ) <br> and, ) <br> ) <br> Defendants. ) | CIVIL ACTION NUMBER |

## COMPLAINT

Comes now the plaintiff E.H., mother and next friend of P.H., a minor by and through her undersigned attorney of record and make this COMPLAINT.

1. This action, brought under 42 U.S.C. Section 1983 and state law claims complains of the failure of the defendants to provide to the P.H., a minor the right to proceed to a due process hearing and the opportunity, at said hearing, to deny and oppose a report of child abuse/neglect and the *indicated disposition* of said report made by the Shelby County Department of Human Resources and the State of Alabama Department of Human Resources. Plaintiff seeks declaratory and injunctive relief against the defendants Nancy Buckner and Kim Mashego in their *official capacities*.

2.    Plaintiff also seeks the recovery/reimbursement of those attorney's fees, expenses and costs incurred herein.

## JURISDICTION

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331, 1343(a)(3) and (4) as plaintiffs' claims arise under Federal Law.   Prospective relief is authorized by 28 U.S.C. Section 2201 and Federal Rule of Civil Procedure 57.

4.    This Court has personal jurisdiction over defendant **NANCY BUCKNER** who is located within the jurisdiction of this Court.

5.    Venue is proper in the Middle District of Alabama – Northern Division as the Department of Human Resources is an agency of the State of Alabama whose home office is located in Montgomery, Alabama.

## PARTIES

6.    The plaintiff **E.H.** is an adult resident citizen of the State of Alabama and resides in Shelby County, Alabama. The plaintiff **E.H.** is the mother and next friend of **P.H.**, a minor.

On November 16, 2020, the Shelby County Department of Human Resources and the State Department of Human Resources notified **E.H.** that **P.H.**, her minor son, was the subject of an investigation conducted by the State Department of Human Resources and the Shelby County Department of Human Resources

in response to a suggestion that **P.H.** abused a child. **P.H.** has been placed on the statewide **CENTRAL REGISTRY** which is the repository of child abuse/neglect reports, the investigation of the same and the *indicated disposition*.

7.    The defendant, **NANCY BUCKNER**, is the current Commissioner of the Alabama Department of Human Resources. At all times relevant hereto, **NANCY BUCKNER** acted under color of the State law. Plaintiff **E.H.** as mother and next friend of **P.H.**, a minor, seeks injunctive and declaratory relief against **NANCY BUCKNER** in her official capacity.

8.    The defendant, **KIM MASHEGO,** is the current Director of the Shelby County Department of Human Resources. At all times relevant hereto, **KIM MASHEGO** acted under color of State law. Plaintiff **E.H.** as mother and next friend of **P.H.**, a minor, seek declaratory and injunctive relief against **KIM MASHEGO** in her official capacity.

**STATEMENT OF FACTS**

9.    As DHR Commissioner, **NANCY BUCKNER** supervises, manages and oversees the operations of the State Department of Human Resources and the various County Departments throughout the state. As such, she is responsible for establishing, implementing and overseeing those policies and procedures, rules and regulations of DHR; and, specifically those policies and procedures, rules and regulations identified herein. Furthermore, she is responsible for

ensuring that DHR operates in conformity with State and Federal constitutional and statutory law and Administrative Rules and Regulations. As Commissioner, she has a legal duty to perform her duties according to laws of the United States and the State of Alabama, including, but not limited to, the State and Federal Constitutions.

Defendant **NANCY BUCKNER** has the supervisory and/or policy-making authority such that she would be responsible for complying with an Order of this Court granting prospective relief to plaintiffs and requiring DHR to provide due process to plaintiffs and schedule a hearing in response to the notification of the *indicated disposition*.

10.  As the current Shelby County DHR Director, defendant **KIM MASHEGO** supervises the operations of the Shelby County Department of Human Resources. As such, she is responsible for establishing, implementing and overseeing those policies and procedures, rules and regulation of the Shelby County Department of Human Resources and specifically those policies and procedures, rules and regulations identified herein. Furthermore, she is responsible for insuring that the Shelby County Department of Human Resources operates in conformity with State and Federal Constitutional and statutory law and Administrative Rules and Regulations.  As Director, she has a legal duty to perform her duties according to laws of the United States and the State of Alabama, including, but not

limited to, the State and Federal Constitutions.

Defendant **KIM MASHEGO** has the supervisory and/or policy-making authority such that she would be responsible for complying with an Order of this Court granting prospective relief to plaintiffs and requiring DHR to provide due process to plaintiffs and schedule a hearing in response to the notification of the *indicated disposition.*

**PLAINTIFFS' ALLEGATIONS AND CONTENTIONS**

11. **P.H.,** a minor is listed on the Statewide Central Registry prior to a due process hearing and without other constitutionally adequate due process. That listing is the result of "indicated dispositions" made by the Shelby County DHR and State DHR.  Plaintiff **E.H.** was notified of this "indicated disposition" by letter, dated November 16, 2020 delivered to plaintiff **E.H.** by the County and State DHR.

After making notification of the *indicated disposition* DHR conducted a constitutionally deficient administrative record review and these "indicated dispositions" were affirmed and upheld by that administrative record review.

The Alabama Department of Human Resources maintains the Statewide Central Registry for the purpose of listing those persons who have "indicated dispositions" for child abuse/neglect.  The report, the information obtained through the investigation and the name and identity of the person "indicated" for child abuse/neglect is maintained on the

Central Registry.  *See* Ala. Code Section 26-14-1, et seq. Pursuant to statute and Administrative Rule and Regulation, plaintiffs' name and identity, the information contained in the report and the investigation and the *indicated disposition* can be disclosed, disseminated and publicized to current employers, potential or future employers, other organizations and entities and law enforcement.

12. **P.H.** is a minor.  He intends to pursue educational opportunities and employment opportunities upon completion of his education.  Continued listing on the Central Registry will distinctly alter or extinguish a right or status available to and provided to the **P.H.** as a citizen of the State of Alabama and the United States.  **P.H.** has been stigmatized, slandered and defamed as a result of the *indicated disposition* and the listing on the Central Registry.

Defendants are the DHR officials whose official acts and omissions prevented, and continue to prevent, **P.H.** from challenging the indicated disposition in accordance with constitutional due process requirements.

**P.H.** faces a real, immediate and concrete threat of future injury as he is currently listed on the Statwide Central Registry.

Acting under color of state law, and in their official capacities, the actions and omissions of defendants

deprived, and continue to deprive, **P.H.** of an adequate due process hearing to challenge the indicated dispositions.

There are no procedures under Alabama law by which **P.H.** can challenge the validity of the indicated disposition and the listing on the Central Registry. The opportunity for an administrative record review has already passed and/or the administrative record review has resulted in affirmance of the indicated disposition. The administrative record review process is constitutionally insufficient. Consequently, it is already a legal certainty that Alabama law, DHR regulations and policies will not afford **P.H.** the opportunity to challenge the validity of the indicated disposition and the listing on the Central Registry.

**P.H.** alleges that the listing and the information contained on the Central Registry will likely be released to prospective employers or schools or other organizations conducting extra-curricular children's activities.

**P.H.** alleges that because of the potential for disclosure of the indicated dispositions and the information listed on the Central Registry, he is or imminently will be deprived opportunities to engage in activities and pursuits available to other citizens, such as employment, volunteering, and being involved in educational and extra-curricular activities for his child(ren) once he has a family.

## I.   FIRST CAUSE OF ACTION

## (CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. SECTION 1983)

13. The plaintiff **E.H.**, as mother and next friend of **P.H.**, a minor contends that the unlawful actions and conduct and the deliberate indifference of the defendants, Buckner and Mashego, as complained of herein, has directly and proximately resulted in the constitutional violations, and the injury and damage as complained of herein.

14. The plaintiff **E.H.**, as mother and next friend of **P.H.**, a minor contends that defendant **NANCY BUCKNER**, as the current Commissioner of the State of Alabama Department of Human Resources, and defendant **KIM MASHEGO** as the current Director of the Shelby County Department of Human Resources, have established a custom, practice or policy which has resulted in the denial of Hearings for certain persons made the subject of an *indicated disposition* and listing on the Statewide Central Registry; or, a constitutionally adequate process by which **P.H.** can proceed to a hearing; and, consequently, listing on the Central Registry prior to a post-deprivation hearing.

15. The defendants **NANCY BUCKNER** and **KIM MASHEGO** have established an *ad hoc* custom, practice or policy which is in direct conflict and violation of Administrative Rules and Regulations and the written Policies and Procedures of the Department of Human Resources which are required of the State

Department and various County Departments.  As a result of that custom, practice or policy, the State Department of Human Resources, the Shelby County of Human Resources, and all County Departments of Human Resources within the State of Alabama routinely and systematically deny Hearings to persons who are notified of *indicated dispositions*:

(i) With notification of an *indicated disposition,* the State Department of Human Resources and the Shelby County Department of Human Resources, and all County Departments of Human Resources within the State of Alabama systematically deny the opportunity for a hearing to the person(s) who is the subject of the *indicated disposition* and fail/refuse to schedule a Hearing as is required of them by previously recognized law and by rule and regulation promulgated and established by DHR.

(ii) Upon notification of an *indicated disposition* DHR systematically informs the person(s) who is the subject of the *indicated disposition* that they are only entitled to an "administrative record review".  Administrative record reviews do not allow for testimony by witnesses, cross-examine of witnesses, the introduction of evidence and objection to the introduction of evidence and other requirements of due process.

(iii)   The *ad hoc* policy and procedure as established by the defendants **NANCY BUCKNER** and **KIM MASHEGO** is contrary

to and violative of Administrative Rule and Regulation and the lawfully established Policies and Procedures of DHR; and, as a consequence, resulting in a routine and systematic denial of hearing requests at the County level. Consequentially, there is a systemic denial of the constitutional right of due process.

(iv) DHR systematically affirms the original disposition of "indicated' following the completion of an administrative record review.

(v) Plaintiff **P.H.,** a minor will continue to be stigmatized and labeled as child abusers as a result of continued listing on the Central Registry; and, **P.H.'s,** a minor, rights and/or status as previously recognized by State law has been distinctly altered or extinguished.

16. Defendant **NANCY BUCKNER,** in her official capacity as Director of the Alabama Department of Human Resources, and defendant **KIM MASHEGO,** in her official capacity as Director of the Shelby County Department of Human Resources, have failed to implement and establish policies and procedures necessary for the purpose of providing adequate training and supervision to those agents and employees of the State and County Departments so that persons notified of an *indicated disposition* are provided notice and opportunity for a hearing and are afforded full and complete due process.

17. The wrongful action and conduct of the defendants

**NANCY BUCKNER** and **KIM MASHEGO** as complained of herein represents deliberate indifference to the known risk that due process rights of **P.H.**, a minor, will be violated when **P.H.**, a minor, name and information are placed onto the Central Registry prior to a pre-deprivation hearing.

18. The wrongful actions and conduct of the defendants **NANCY BUCKNER** and **KIM MASHEGO** as complained of herein resulted in **P.H.**, a minor, being listed on the Statewide Central Registry prior to a pre-deprivation hearing.

**WHEREFORE, PREMISES CONSIDERED**, plaintiffs **E.H.**, as mother and next friend of **P.H.**, a minor prays that the Court:

A.   Issue declaratory and injunctive relief directing that the defendants **NANCY BUCKNER** and **KIM MASHEGO**, in their official capacities, expunge, purge and remove from the statewide Central Registry all reports, names, information and data of any type relating to **P.H.**, a minor and, further, issue declaratory injunctive relief directing that defendants **NANCY BUCKNER** and **KIM MASHEGO** cannot list **P.H.'s**, a minor name and information on the Statewide Central Registry until such time as all due process rights and remedies available to deny, dispute and controvert the report, allegations and the disposition have been exhausted.

B.   Issue declaratory and injunctive relief directing defendants **NANCY BUCKNER** and **KIM MASHEGO**, in their official capacity, to provide to **P.H.**, a minor a hearing, for the

purpose of denying, disputing and controverting the report, allegations and "indicated disposition".

C. Award to plaintiff attorney's fees, expenses and costs of court incurred herein; and, award such other and further relief to which plaintiff is entitled and which the Court deems just and proper.

Respectfully submitted,

S/James V. Green, Jr.

_____

JAMES V. GREEN, JR. (GRE019)
Attorney for Plaintiffs

OF COUNSEL:

**JAMES V. GREEN, JR., P.C.**
P. O. Box 878
Alabaster, Alabama 35007
(205) 621-0301

**Defendants to be Served at the Following:**

Kim Mashego
Shelby County Department of Human Resources
987 Highway 70
Columbiana, Alabama  35051

NANCY BUCKNER
Alabama Department of Human Resources
South Gordon Persons Building
50 North Ripley Street
Suite 2104
Montgomery, Alabama  36130